SARAH A. EDMUNSON, APPELLEE, V. A. E. ALEXANDER,
APPELLANT.

[FILED JULY 2, 1891.

**Tax Liens:** DECREE OF FORECLOSURE BY DEFAULT: RIGHTS OF
GRANTEE OF UNRECORDED DEED. One S. conveyed certain
real estate to Mrs. W., but through neglect the deed was not
recorded. W. took possession of the land and rented the same
to one B. One A. thereupon brought an action to foreclose a tax
lien and made S. and B. parties, but not W. A decree foreclos-
ing the tax lien was thereupon taken by default. In an action
by W. to vacate the decree, and for leave to intervene and an-
swer, *held,* that the vacation of the decree and order permit-
ting intervention, were properly made.

APPEAL from the district court for Cass county. Heard
below before FIELD, J.

*S. P. & E. G. Vanatta,* for appellant.

*Matthew Gering, contra,* cited: Freeman, Judgments [3d
Ed.], sec. 154; *Samuel v. Agnew,* 80 Ill., 553; *Chase v.
Swain,* 9 Cal., 136; *Rice v. Coolidge,* 121 Mass., 393;
*Billings v. McCoy,* 5 Neb., 187; *Smith v. Groves,* 24 Id.,
546; *Kepley v. Irwin,* 14 Id., 300; *Orr v. Seaton,* 1 Id.,
105; *McCann v. McLennan,* 3 Id., 25; *Douglas Co. v.
Connell,* 15 Id., 617.

MAXWELL, J.

This action was brought by the plaintiff against the de-
fendant to open a default and decree foreclosing a tax lien
on forty acres of land described in the petition, and for
leave to pay all taxes and costs due on said land, etc. To
this petition the defendant filed an answer as follows:

" Denies that the plaintiff is the owner of or has any
legal or equitable interest in or to the land described in the

petition, or any part thereof. Admits that Richard H. Williamson executed and delivered to plaintiff a deed for said land, but avers that at the date of the execution and delivery of said deed the said Williamson had no title or right in or to said land, and that the said deed conveyed no title to plaintiff. Admits that on or about the 16th day of March, A. D. 1889, Paul Schminke executed and delivered to one Richard H. Williamson, a quitclaim deed for said land, but avers that at the date of the execution and delivery of said deed, the said Paul Schminke had no title or interest whatever in or to said land, and that said deed conveyed no title or right to said Williamson.

"And for further answer to the petition of plaintiff, the defendant says: That she is the absolute owner of said land and each and every part thereof; that she purchased the same from W. D. Merriam and J. P. Mathis, who were the owners thereof; that on the 15th day of August, A. D. 1888, this plaintiff commenced an action in this court against Paul Schminke, who was then the legal owner of said land, and against Oliver Baker, who was then in possession of said land, for the purpose of quieting her title to said real estate and fixing and establishing her absolute right to said land ; that the said Paul Schminke and Oliver Baker were personally served with summons in said action and had their day in court, but they wholly failed to appear in said action, and to set up any right or claim thereto ; that at the commencement of the action, there was nothing of record to show that the said Williamson had any right or interest in said land, and this defendant had no knowledge whatever that he had or claimed any interest thereto ; that such proceedings were had in said action that on the fifth day of January, A. D. 1889, this honorable court ordered a decree to be entered upon the records of this court fully quieting and establishing the title to said land in this defendant and enjoining and restraining the said Paul Schminke and Oliver Baker, and all persons

claiming by, through, or under them, from having or claiming any interest or right in and to said land, and that said decree was duly signed by the court and is still in full force and effect, all of which will more fully appear, reference being had to the proceedings and record of said cause in this court, which is hereby referred to and made a part of this answer.

"Defendant further avers that all the right or interest the plaintiff has in said lands has been vested in her since the date of said decree and came through the said Paul Schminke and Oliver Baker, who were estopped from making any conveyance of said land, and that all of plaintiff's rights in said lands was fully adjudicated in said cause."

On the hearing the court set aside the decree foreclosing the tax lien, and permitted the plaintiff to intervene. From that order the defendant appeals.

The testimony tends to show that at the time the foreclosure proceedings were instituted and pending, one Mrs. Williamson was the owner of the land in question; that Schminke, many years before the instituting of the suit, had conveyed to her by warranty deed, but through neglect the deed had not been recorded and was lost; and that after the decree was rendered Schminke conveyed to her a second time by a quitclaim deed. There is no claim that the real owner of the land (Mrs. Williamson) was a party defendant in the action to foreclose the tax lien. The decree as to her, therefore, was a nullity, and the court properly permitted her grantee, the plaintiff herein, to file an answer in that case in order that there may be a trial on the merits. The judgment is right and is

AFFIRMED.

THE other judges concur.